IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02179-BNB

BERNARD KENNETH RIVERS, JR.-EL,

    Plaintiff,

v.

STATE OF COLORADO,

    Defendant.

## ORDER OF DISMISSAL

On August 16, 2012, Plaintiff, Bernard Kenneth Rivers, Jr.-El, a resident of Greeley, Colorado, submitted a *pro se* Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He has been granted leave to proceed *in forma pauperis* pursuant to § 1915.

The Court must construe liberally the complaint because Mr. Rivers is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.*

Mr. Rivers asserts claims pursuant to 28 U.S.C § 1331.  As background for his claims, he alleges that he was "tricked" into entering an "involuntary plea" in state court criminal case number 11-0538.  Complaint at 3.  He asserts claims for breach of contract, rescission, duress, and tortious interference.  As relief, Mr. Rivers requests damages and injunctive relief.

The Court notes that this instant action is not the first time that Mr. Rivers has attempted to challenge state court Case No.11-0538 in this Court.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).  In *Rivers v. Town of Windsor, et al.*, 11-cv-02770-LTB, filed in this Court on October 24, 2011, Mr. Rivers alleged that he was ticketed for speeding in Windsor, Colorado on March 22, 2011.  He argued that Defendants Magistrate Judge Michael Manning and Prosecutor Kimberly A. Emil lacked jurisdiction to prosecute him for speeding.  He also asserted that he was forced to provide a money order in Windsor Municipal Court Case No. 11-0538 to the Town of Windsor under "threats, coercion, and duress."  As relief, he requested damages, and that the Court set aside the judgment entered against him in Case No. 11-0538.  On December 8, 2011, the Court dismissed *Rivers v. Town of Windsor, et al.*, 11-cv-02270-LTB, for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Once again, it appears that Mr. Rivers' claims are barred by the *Rooker-Feldman* doctrine.  Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be

2

raised *sua sponte* by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).  The Court has examined the complaint filed in this action, and finds that it lacks subject matter jurisdiction.

　　　　Mr. Rivers has already been informed in Case No. 11-cv-02270-LTB that he may not challenge his municipal court conviction for speeding in this Court.  This is because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, it is clear that Mr. Rivers is challenging his conviction for speeding in Case No. 11-0538. Review of his claims would require the Court to review the state court judgment. Therefore, the Court finds that the complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

In addition, Mr. Rivers is warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). Sanctions may be imposed under Fed. R. Civ. P. 11, even against a *pro se* plaintiff, if a pleading or other paper is not "well grounded in fact and . . . warranted by existing law." A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of the court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78

(D. Colo. 1991). Mr. Rivers is warned that if he continues to attempt to challenge Case No. 11-0538 in this Court without grounds or jurisdictional basis, the Court will subject him to sanctions, including monetary sanctions and injunctions from filing vexatious and repetitive pleadings.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Rivers files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   22nd   day of     August           , 2012.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court